IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MR. ANTHONY DEUNDRA WILSON                                    PLAINTIFF

VS.                              CIVIL ACTION NO. 3:24-cv-396-TSL-ASH

MANAGEMENT & TRAINING CORPORATION – M.T.C., et al.      DEFENDANTS

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the court sua sponte. Pro se plaintiff Anthony Deundra Wilson, inmate number 165705, was an inmate at the East Mississippi Correctional Facility in Meridian, Mississippi, when he filed the instant Complaint pursuant to 42 U.S.C. § 1983.

On March 24, 2025, the court entered an Order [9] directing plaintiff to file his written response on or before April 9, 2025 to provide the court with additional information about the claims asserted in his Complaint [1]. Order [9] at 2-3. He was warned in that Order that failure to comply or advise the court of a change of address could result in dismissal of this civil action. That Order [9] was mailed to plaintiff at his last known address, and the envelope containing that Order [9] was returned by the postal service as undeliverable on March 31, 2025. *See* Mail Returned [10] at 1. Plaintiff did not comply and he did not provide a change of address.

An Order to Show Cause [11] then was entered on April 17,

2025, directing plaintiff to respond and comply with the Order
[9] on or before May 1, 2025. Plaintiff was once again warned
that failure to comply or advise the court of a change of
address could result in the dismissal of the instant civil
action. Order [11] at 2. That Order [11] was mailed to plaintiff
at his last known address, and the envelope containing that
Order [11] has been returned by the postal service as
undeliverable. *See* Mail Returned [12] at 1. A review of the
docket reveals that plaintiff has not complied with the Order to
Show Cause [11], he has not filed a change of address, and he
has not communicated with the court concerning this civil action
since filing a Letter [6] on July 31, 2024.

Since plaintiff is proceeding *pro se*, he was provided one
final opportunity to comply with the court's orders before the
dismissal of this case. On May 7, 2025, the court entered a
Second and Final Order to Show Cause [13], directing plaintiff
to show cause by May 22, 2025, why this case should not be
dismissed for failure to obey the court's prior orders. Second
and Final Order to Show Cause [13] at 2. The Final Order to Show
Cause specifically warned plaintiff that his "failure to timely
comply with any order of the Court . . . will result in this
cause being dismissed without prejudice and without further
notice to the Plaintiff." *Id*. 2-3. The Final Order to Show
Cause also warned plaintiff that this was his "final opportunity

2

to comply with the Orders [9] [11]." *Id.* at 3. The envelope containing the Second and Final Order to Show Cause [13] was returned by the postal service as undeliverable. *See* Mail Returned [14] at 1.

Plaintiff has not contacted this court since filing a Letter [6] on July 31, 2024, and he has failed to comply with three court orders. The court warned plaintiff on previous occasions that failure to comply with orders or failure to advise the court of a change of address would lead to the dismissal of this case. *See* Order [3] at 2; Notice of Assignment [1-1] at 1. It is apparent from plaintiff's failure to comply with the court's orders that he lacks interest in pursuing this case.

The court has the authority under Federal Rule of Civil Procedure 41(b) to dismiss an action for a plaintiff's failure to prosecute, and it has authority under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending

3

cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.  Dismissal without prejudice is warranted.  Accordingly, it is

ORDERED AND ADJUDGED that this civil action is dismissed without prejudice for failure to obey the court's orders and to prosecute.  A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED, this the 23rd day of May, 2025.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE